RECEIVED SEP 0 8 2015 U.S. DISTRICT COURT MIDDLE DISTRICT OF TN.

United States District Court
Middle District Tennessee

) Craig Cunningham
) Plaintiff, Pro-se
)
)　　v.　　　　　　　　　　　　　CIVIL ACTION NO. 3:15-cv-00846
)
) Rapid Response Monitoring Services, Inc., Russell Macdonnell,
) Security Systems, Inc. dba Safeguard America., David Roman, Laura Roman,
UTC Fire and Security Americas Corporation, Inc., Homeland Security, LLC,
Adam Coursey
)　　John/Jane Doe 1-10
)　　Defendants.

**Plaintiff's ~~Second~~ Amended Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Security Systems, Inc, dba Safeguard America., is an alarm dealer and Florida corporation operating from 55 Sebethe Drive, Cromwell, CT 06416 with a registered agent David Roman 6220 South Orange Blossom Trail, ste 196, Orlando, FL 32809.

3. David Roman and Laura Roman are listed as officers of Security Systems, Inc., dba Safeguard America. They can be served at 39 Harvest Woods Lane, Higganum, CT 06441. David and Laura Roman are liable for the telephone calls made by or on behalf of Safeguard America.

1

4. Rapid Response Monitoring Services Inc., is a New York corporation and alarm monitoring company that is liable for calls placed on their behalf to market their alarm monitoring services and is operating from 400 W. Division Street, Syracuse, New York, 13204. The agent for service is Russell MacDonnell and the entity can be served directly at 400 West Division Street, Syracuse, New York, 13204.

5. Russell MacDonnell is the CEO for Rapid Response Monitoring Services, Inc., and can be served at 400 West Division Street, Syracuse, New York, 13204.

6. UTC Fire & Security Americas Corporation Inc., is an alarm manufacturing company and can be served via registered agent: The corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. Homeland Security, LLC is a Florida Corporation operating from 5555 W. Waters Ave. Ste. 607, Tampa, FL 33634 and can be served via registered agent: Adam Coursey, 11934 Wandsworth Dr., Tampa, FL 33626.

8. John Keith is an officer and manager of Homeland Security LLC and can be served at 1409 Little Meadow Road, Guilford, CT 06437.

9. Adam Coursey is a manager and officer of Homeland Security, LLC and can be served at 11934 Wandsworth Ave., Tampa, FL 33626.

### Jurisdiction

10. Jurisdiction of this court arises as the acts happened in this county

2

11. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

12. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their alarm monitoring services and alarm systems sold through SafeGuard America. Additionally, Tennessee residents were hired as agents to conduct installation in Tennessee of the alarm systems.

## FACTUAL ALLEGATIONS

13. In 2015, the Plaintiff recieved multiple phone calls from a company conducting a "Safety survey". On June 27th 2015, the Plaintiff recieved 11 phone calls from this company conducting this safety survey on June 27th, and the Plaintiff participated in one to ascertain the identity of the party placing these unsolicted calls. In conducting further research the Plaintiff identified at least 28 phone calls that were made by this overseas entity conducting a safety survey to the Plaintiff.

14. On June 29th 2015, the Plaintiff recieved a call from Kathy with Security Systems Inc., dba Safeguard America. Kathy stated that on Saterday June 27th, the Plaintiff took a safety survey with one of their representatives at Safeguard America. She stated *"We call it our quick safety survey. We called you up over the phone and asked you a few questions about smoke detectors, fire extinguishers in the home. You remember the survey?"*

3

This is in reference to the 11 phone calls on June 27th in which the Plaintiff took a safety survey.

15. Some companies do a "survey" as part of an otherwise illegal telemarketing campaign in an attempt to legitimize the call and dodge TCPA liability. Most recently, Caribbean Cruise Line made billions of phone calls in the manner before they were fined by the Federal Trade Commission, and in several class action lawsuits, courts have rejected this thinly veiled attempt to skirt the requirements and liability of the TCPA.

16. Kathy stated that the Plaintiff's name was entered in the company's promotion and the Plaintiff was selected to recieve a brand new $1200 GE wireless security system at no charge.

17. The Plaintiff was told that all he had to do to qualify was to be a home owner in Nashville. Kathy stated that the system was made by General Electric and frequently referenced the brand name of General Electric during the call.

18. Kathy went on and talked about the various aspects of the security system, a back up battery, motion detectors, and loud interior siren, yard sign, window stickers, etc..Kathy also stated that the Plaintiff would get a discount on his home owner's insurance after signing up.

19. Kathy stated the only thing the Plaintiff would have to pay for is the monitoring service, which is about a dollar per day and comes with a lifetime warranty.

4

20. Kathy then transferred the Plaintiff over to Alyssa, one of the "promotional managers", and Alyssa stated that she was calling with Safeguard America and they would install a GE home security system, and the monitoring was through a different company called "Rapid Response". Alyssa stated the website was www.gesafeguard.com for Safeguard America.

21. Upon further research, the website gesafeguard.com is operated by Homeland Security, LLC and the Plaintiff believes he may have spoken with agents of Homeland Security LLC in the phone calls. It is unclear at this point if it was Homeland Security LLC or Safeguard America directly that the Plaintiff was speaking with. The Plaintiff also determined that Homeland Security LLC is an authorized dealer of Security Systems Inc., dba Safeguard America, according to both agents of Safeguard America and Homeland Security.

22. David Roman and Laura Roman are the managers of Security Systems Inc., and are liable for the calls placed on behalf or for their benefit, which include each of these 28 calls. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

23. David and Laura also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA. In fact, they specifically crafted their dialing campaign in an attempt to circumvent

5

TCPA liability by adding a bogus survey at the beginning of the call. This demonstrates that the calls were knowingly made in an attempt to violate the TCPA. David and Laura are directly and personally liable for the calls made on behalf of their corporation and at their direction.

24. The Plaintiff is not in need of a home alarm system. The Plaintiff did not solicit anyone to call his cell phone for assistance in obtaining a home alarm system. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

25. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. The Defendants are liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5).

26. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. The agents on the phone seem to be well

6
Case 3:15-cv-00846 Document 10 Filed 09/08/15 Page 6 of 10 PageID #: 42

aware of the illegal telemarketing practices by the corporations and related entities as they constructed the marketing pitch as a "safety survey" ploy in an attempt to dodge TCPA liability. The FCC and courts have ruled, however if there is a promotional message there is no safe harbor for initially conducting a faux survey. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

27. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

**Vicarious Liability**

28. Defendant UTC is no stranger to TCPA litigation and has regularly authorized and encouraged authorized agents to use their trademarks of "GE Security" in the telemarketing efforts. Defendant UTC is liable under the principles of vicarious liability in addition to direct liability. Defendant UTC is currently getting sued in a similar case, Mey v Monitronics in multidistrict litigation for similar conduct: case # 1:13-MD-2493.

29. In making these calls, Security Systems Inc., dba Safeguard America was essentially marketing the products manufactured by UTC Fire as well as monitoring services offered by Rapid Response through their dealer relationship with both companies. The 6th circuit as well as multiple other

7

courts have ruled that there is direct liability to include for corporate actors such as executives like and vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

30. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Rapid Response, UTC, Homeland Security, and Security Systems Inc., dba Safeguard America, and the respective executives/officers of the corporation. These companies knew of the illegal conduct by Security Systems Inc., dba Safeguard America and their improper telemarketing, and still refused to exercise control or authority over Defendant Safeguard to reduce or eliminate the improper sales methods.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

31. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b).This entitles the Plaintiff to recover $1500 per call.

8

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

33. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted, August 28th 2015

Craig Cunningham, Plaintiff, Pro-se, 615-348-1977
5543 Edmondson Pike, ste 248, Nashville, TN 37211

United States District Court
Middle District Tennessee

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)           v.                          CIVIL ACTION NO. 3:15-cv-00846
)
) Rapid Response Monitoring Services, Inc. et al
)       John/Jane Doe 1-10
)   Defendants.

**Plaintiff's Certificate of Service**

I certify that on 9/1/2015, the plaintiff served the Defendants with a copy of this Complaint ~~motion~~ via USPS first class mail to:

Rapid Response Monitoring Inc., 400 W. Division Street, Syracuse, NY 13204

Security Systems Inc., dba Safeguard America via David Roman 6220 South Orange Blossom Trail, ste 196, Orlando, FL 32809.

David Roman and Laura Roman 39 Harvest Woods Lane, Higganum, CT 06441

Russell MacDonnell 400 West Division Street, Syracuse, NY 13204

UTC Fire and Security America's Corporation, Inc. via The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Homeland Security LLC 5555 W. Waters Ave., Ste. 608 Tampa, FL 33634

John Keith, 1409 Little meadow Road, Guilford, CT 06437

Adam Coursey 11934 Wandsworth Ave., Tampa, FL 33626

Craig Cunningham, Plaintiff, Pro-see
5543 Edmondson Pike ste 248
Nashville, TN 37211
9/1/2015

12
Case 3:15-cv-00846   Document 10   Filed 09/08/15   Page 10 of 10 PageID #: 46