United States District Court
Middle District Tennessee

) Craig Cunningham
) Plaintiff, Pro-se
)
) v.  CIVIL ACTION NO. 3:15-cv-00846
)
) Rapid Response Monitoring Services, Inc. et al
)   John/Jane Doe 1-10
) Defendants.

**Plaintiff's Response in Opposition to the Defendnats Motions for Summary Judgment**

1. Now comes the Plaintiff's Response in Opposition to the Motions for Summary judgment filed by Homeland Security, Inc., Security Systems, Inc., and Rapid Response Monitoring, Inc.

**Numerous key facts are unavailable to the Plaintiff and the Plaintiff cannot present facts essential to justify oppostion and requests relief under rule 56(d)**

2. The Plaintiff has not had anywhere close to a reasonable opportunity to conduct discovery in this case and due to the arbitrarily short scheduling order of 45 days was precluded from obtaining essential facts necessary to justify opposition to the motions for summary judgment. An attached affidavit details why the Plaintiff is unable to present facts essential to justify opposition.

3. The Plaintiff was only given 45 days to conduct discovery, presumably because of the Plaintiff's pro-se status, and not the actual needs of the case, which is prejudicial

to the Plaintiff's ability to obtain sufficient evidence to prove his claims and present opposition to these motions.

4. The Plaintiff is involved in a case with similar facts, Cunningham v Alliance Security, which was consolidated in the West Virginia MDL proceeding and is currently a lead Plaintiff in a class action with similar elements of overseas telemarketers, Cunningham v Peoples Bank and Trust Company, WD Oklahoma, 5:17-cv-00237. The Plaintiff's lawyers in the People's bank case also represented several lead Plaintiffs in the MDL case against Alliance Security. I am well aware of the level of discovery that is required in these sorts of cases to establish liability and what sort of timeframe this information can be obtained.

5. In both of these cases, against Alliance Security and Peoples Bank, you have a similar fact pattern of overseas telemarketers being used to sell alarm services or reverse mortgages. By comparison, the discovery period in the Alliance Security case took place over several years, while the People Bank case has been underway since March 2017 and discovery has been going since April 2017, over 8 months.

6. In this case, the Plaintiff was essentially given a token 45 days of discovery for a case that likely involves domestic and overseas bank records, overseas calling records, other currently unidentified dealers and telemarketers working for Homeland Security or Security Systems Inc. This works to the benefit of the defendants who can simply object or deny every discovery request and then run out the clock on discovery before the Plaintiff has had any real opportunity to dive

into the facts of the case, issue followup discovery after discovery responses have been recieved, or have any meaningful opportunity to delve into the case.

7. By the court issuing such an unreasonably short discovery period just because the Plaintiff is a pro-se litigant, the Plaintiff is being railroaded in this case by the super short deadline of 45 days to conduct discovery that could well take 6-7 months.

8. The Plaintiff requires a minimum of 6 months of discovery as the Plaintiff has requested in his motion for an extension of time filed with the court.

### In Response to the Motion for Summary Judgment filed by Homeland Security Inc., and Security Systems Inc.

9. The Defendants are correct that no support is <u>currently</u> on the record for the Plaintiff's allegations, but only because these facts and information necessary to present opposition to the motion are unavailable to the Plaintiff and the Plaintiff has not had a reasonable opportunity to obtain them.

10. The Plaintiff is unable at this juncture to present opposition to the defendants motion due to the absence of these key facts. If the Plaintiff had the defendants bank records, for example it would show payments to telemarketers or other lead generation companies. If the Plaintiff knew of the defendants phone company, he could subpoena them and obtain phone records related to this case. If the Plantiff had all emails that relate to telemarketing, the Plaintiff would be able to identify the telemarketers involved in this case.

11. The Plaintiff has filed a motion to compel in response to the Defendants insufficient discovery responses, so their claims of having responded to the Plaintiff's discovery is without merit. Those responses were insufficient and incomplete and the defendants have failed to file complete initial disclosures, which would again lead to facts and other responsible parties upon which the Plaintiff would need to conduct discovery. The defendants merely point to their own self-serving denials of the Plaintiff's interrogatories as evidence, which is not evidence of anything.

12. The Defendants motion for summary judgment just underscores the fact that the Plaintiff has simply not had a reasoable opportunity to conduct discovery in this case and cannot present essential facts to respond with opposition by claiming the Plaintiff lacks evidence to establish his claims.

## In Response to the Motion for Summary Judgment filed by Defendant Rapid Response Monitoring

13. Similarly, Rapid Response merely denies liability on the basis of vicarious liability due to facts being unavailable to the Plaintiff to justify opposition to the motion. The Plaintiff most certinly can estblish the liability based on ratification and likely other elements of vicarious liability, but is lacking sufficient facts to do so at this juncture because of the unreasonably short discovery timeframe in this case. The Plaintiff has not had an opportunity to explore what if any knowledge that Rapid Response has regarding telemarketing complaints and problems by Safeguard America.

14. Similarly Rapid Response merely points to a lack of proof, which merely underscores the need for the Plaintiff to have a full and reasonable opportunity to conduct discovery in this case, which has naturally led to a railroading effect and the Plaintiff's unable to present essential facts to justify opposition . Rapid Response states *"there is no proof from which to infer that Rapid Response had sufficient knowledge of material fcts that would show tht Safeguard America or Homeland Security placed the alleged unlawful telephone calls"*

*Craig Cunningham*
Plaintiff,

Pro-se, 1/4/2018
Mailing address:
5543 Edmondson Pike, ste 248 Nashville, TN 37211
Nashville, Tn 37211
615-348-1977

United States District Court
Middle District Tennessee

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)     v.                    CIVIL ACTION NO. 3:15-cv-00846
)
)  Rapid Response Monitoring Services, Inc. et al
)     John/Jane Doe 1-10
)  Defendants.

## Certificate of Service

I hereby certify that a true copy of the foregoing was mailed to the attorneys of record in this case: David Changas, 424 Church Street, ste 2500, PO Box 198615, Nashville, TN 37219 and Michel Schmitt of Ortale, Kelley PO Box 198985 Nashville, TN 37219 on 1/4/2018

Craig Cunningham
Plaintiff,

5543 Edmondson Pike, ste 248 Nashville, TN 37211 615-348-1977