IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM            )
                            )
     v.                     )    NO. 3:15-0846
                            )
RAPID RESPONSE MONITORING   )
SERVICES, INC., et al.      )

TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

The Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* Docket Entry No. 4. The case is currently set for a jury trial on May 29, 2018. *See* Docket Entry No. 91.

Presently pending are the motions for summary judgment of Rapid Response Monitoring Services, Inc. (Docket Entry No. 96) and Security Systems, Inc., d/b/a Safeguard America, Inc., and Homeland Security, LLC (Docket Entry No. 101). Plaintiff has responded in opposition to both motions. *See* Docket Entry Nos. 105 and 106. Set out below is the undersigned's recommendation for disposition of the motions.

## I. BACKGROUND

Craig Cunningham ("Plaintiff") is a resident of Nashville, Tennessee. He claims that, during the summer of 2015, he received at least twenty-eight phone calls to his cellular phone, sometimes only one or two seconds apart, and text messages from callers purporting to be conducting a "safety survey" but in fact marketing home security systems and related services. *See* Second Amended Complaint (Docket Entry No. 57 at ¶¶ 1, 13, and 27). Plaintiff participated in one of those calls—he says, for the purpose of ascertaining the identity of the party responsible—and found that it consisted of a pre-recorded message instructing him to press '1' to speak to an agent about the survey. *Id.* at

¶¶ 13-14. The marketing effort turned out to be in support of a deal pursuant to which the recipient would accept the installation of a "free" home security system by Security Systems Inc. d/b/a Safeguard America ("Safeguard America") and would agree to pay ongoing fees for monitoring services to be provided by Rapid Response Monitoring Services, Inc. ("Rapid Response"). *Id*. at ¶¶ 35–43. Plaintiff indicated to follow-up callers that he was interested in the offer and he met with the installer, but it appears that he never actually received a security system. *See* Docket Entry No. 85 at ¶¶ 15-17. Plaintiff alleges that he spoke on the telephone to representatives of Safeguard America and Homeland Security, LLC ("Homeland"). *Id*. at ¶¶ 2, 6, and 30.

Based upon these events, Plaintiff brought this *pro se* lawsuit on July 31, 2015, against Safeguard America, Rapid Response, Homeland, and various individual defendants based on their status as officers and/or managers of the three business entities. He asserted two claims for actual or statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA"). In Count I, he alleges that Defendants' actions constituted multiple breaches of the TCPA because Defendants used an automated telephone dialing system to place calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b). *Id*. at ¶ 82. In Count II, he alleges that Defendants' actions constituted multiple violations of 47 U.S.C. § 227(c)(5) "by way of" 47 C.F.R. § 64.1200(d) because Defendants failed to comply with the requirements to maintain employees and train employees on the use of a do-not-call list. *Id*. at ¶ 84. In Count III, he alleges that Defendants engaged in a civil conspiracy to violate the TCPA by their attempt to solicit and sell alarm devices and monitoring services. *Id*. at ¶ 86.

After being filed, the case underwent a lengthy period of initial pretrial proceedings. Plaintiff filed an amended complaint, to which some of the defendants responded by filing motions to dismiss. Plaintiff was then granted leave to file a second amended complaint containing additional factual allegations. In light of the second amended complaint, the Court denied the then pending motions to dismiss without prejudice to being re-filed by the defendants. *See* Order entered August 9, 2016 (Docket Entry No. 56). A second round of motions to dismiss then occurred. After

a several month period of briefing, the Court granted in part and denied in part the motions to dismiss. *See* Order entered April 26, 2017 (Docket Entry No. 88). All of the named individual defendants were dismissed from the action, Count II was dismissed as to all parties, and Count I was dismissed insofar as it relies on a theory of apparent authority against Defendant Rapid Response. *Id.* A scheduling order was thereafter entered providing for an abbreviated period of pretrial activity given the age of the case and the proceedings that had already occurred. *See* Docket Entry No. 90.

Defendants Safeguard, Homeland, and Rapid Response then filed timely motions for summary judgment in their favor on the merits of the claims remaining in the lawsuit. *See* Docket Entry Nos. 96 and 101. Plaintiff's initial response to motions was to file, on the deadline for his response to the motions for summary judgment, a motion seeking the voluntary dismissal of his claims against Defendants without prejudice. *See* Docket Entry No. 102. The Court denied the motion, finding that a voluntary dismissal without prejudice was not justified given the proceedings that had taken place in the lawsuit. *See* Order entered December 12, 2017 (Docket Entry No. 104). Plaintiff thereafter filed his response in opposition to the motions for summary judgment. *See* Docket Entry Nos. 105 and 106.[1]

## II. MOTIONS FOR SUMMARY JUDGMENT AND RESPONSE

In its motion, Defendant Rapid Response argues that there is a lack of evidence supporting Plaintiff's claim that it is liable for violating 47 U.S.C. § 227(b) for making calls to his cellular phone using an automated dialing device. It contends that it is not directly liable for these calls because it did not make these calls and, further that it cannot be deemed vicariously liable for any violation because whoever made such calls did not make the calls with actual express or implied authority from Rapid Response. Rapid Response also contends that it was not aware of any facts that

---

[1] By a contemporaneously entered order, the Court has denied Plaintiff's pending Motion to compel initial disclosures from Defendants Safeguard and Homeland and for a 150 day extension of the period for discovery (Docket Entry No. 92) and Motion to compel and for sanctions (Docket Entry No. 94).

would allow it to be found liable under the theory of ratification. Finally, Rapid Response contends that there is no proof supporting the claim that it conspired with any entity to violate Plaintiff's rights under the TCPA. In support of its motion, Rapid Response relies upon a Statement of Undisputed and Material Facts (Docket Entry No. 98) and the affidavit, and exhibits attached thereto, of Russell MacDonnell, the Chairman and Chief Executive Officer of Rapid Response (Docket Entry No. 100).

In their motion, Defendants Safeguard and Homeland adopt and incorporate by reference the motion, supporting memorandum, and statement of undisputed material facts filed by Rapid Response. Safeguard and Homeland also argue that, as indicated by Plaintiff's responses to their written discovery requests, Plaintiff does not have evidence showing that they made the calls in question or instructed anyone to do so. Safeguard and Homeland contend that there is no competent or admissible evidence supporting Plaintiffs' claims against them.

In his response to the motions for summary judgment, Plaintiff sets forth a single argument as to why the motions should be denied. He argues that he is entitled to relief under Rule 56(d) of the Federal Rules of Civil Procedure because:

> Plaintiff has not had anywhere close to a reasonable opportunity to conduct discovery in this case and due to the arbitrarily short scheduling order of 45 days [he] was precluded from obtaining essential facts necessary to justify opposition to the motions for summary judgment. An attached affidavit details why the Plaintiff is unable to present facts essential to justify opposition.

*See* Plaintiff's Response in Opposition (Docket Entry No. 105). In his supporting affidavit, he sets out the efforts he made at discovery, his belief that he was not permitted a reasonable opportunity to engage in discovery from Defendants, and a list of additional facts he would like to obtain if a ruling on the summary judgment motions is withheld and an additional six month period for discovery is permitted. *See* Plaintiff's Rule 56(d) affidavit (Docket Entry No. 106).

Defendants' have filed replies to Plaintiff's lack of discovery argument. *See* Homeland and Safeguard's Reply (Docket Entry No. 107) and Rapid Response's Reply (Docket Entry No. 108). Defendants initially note that Plaintiff acknowledges that there are no facts in the record that support his claims and that justify the denial of the summary judgment motions. They dispute Plaintiff's

4

contention that he had been denied a reasonable opportunity to engage in discovery and contend that Plaintiff has instead simply failed to litigate his case in a manner that would have allowed him to rebut the arguments for summary judgment made by Defendants.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991).

### IV. ANALYSIS

A. The Telephone Consumer Protection Act

The TCPA regulates the use of telephone technology and seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *Ashland Hosp. Corp. v. Service Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir.) *cert. denied*, __U.S.__,

5

134 S. Ct. 257, 187 L. Ed. 2d 148 (2013). Among other things, the TCPA places restrictions on the use of automated telephone equipment and provides that:

> it shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action for violations of subsection 227(b). 47 U.S.C. § 227(b)(3). While the text of the TCPA attaches liability to the person that "make[s]" the call, the FCC has interpreted the Act to reach "sellers" who can be held liable for the acts of "a third-party marketer . . . under federal common law principles of agency." *In re Joint Petition Filed by Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 1 (2013). Those principles, the FCC concluded, "include[e] not only formal agency, but also principles of apparent authority and ratification." *Id*. at ¶ 28.

B. Civil Conspiracy

The Sixth Circuit has set forth the general elements of a civil conspiracy claim as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985) (*citing Hobson v. Wilson*, 737 F.2d 1, 51-52 (D.C. Cir. 1984); *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979)).

C. Merits of Summary Judgment

In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d

123 (2000). The party opposing a motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

Defendants have made persuasive arguments that there is a lack of evidentiary proof to support the two claims that remain in this action. In response, Plaintiff offers no substantive arguments and no evidentiary proof as to the merits of his claims, and he admits that he has no facts or evidence to offer in support of his claims and in opposition to the motions for summary judgment. *See* Docket Entry No. 105 at ¶¶ 9-10, and 13. Instead, he contends that a ruling on the motions for summary judgment should be deferred because he has been unfairly and prejudicially prevented from engaging in discovery and obtaining the evidence that he needs to prove his case and to set out facts essential to justify his opposition to summary judgment. As such, he seeks leave under Rule 56(d) to pursue additional discovery. Rule 56(d) states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time ... to take discovery; or (3) issue any other appropriate order." As required by the rule, Plaintiff supports his request by submitting his own affidavit specifying the reasons he believes that relief under Rule 56(d) should be granted.

The Court finds that relief under Rule 56(d) is not warranted. While Plaintiff is correct that the Scheduling Order provided for an abbreviated period of 45 days within which to serve written discovery, the Scheduling Order deadlines were specifically set out by the Court in light of "the age of the case and proceedings that have already occurred." *See* Docket Entry No. 90 at 1. Even though a formal scheduling order was not entered until after a lengthy period had passed during which multiple amended complaints were filed and motions to dismiss were resolved, Plaintiff's statements that "it would have been premature to demand discovery before the scheduling order was published," *see* Docket Entry No. 106 at ¶ 6, and that he had only a 45 day period for discovery, *see* Docket Entry No. 105 at ¶ 3, are flatly contradicted by the record and by his own actions in the case. The record reflects that the parties had a Rule 26 conference in July of 2016, *see* Docket Entry No. 67

7

at 1, that initial disclosures were made by Defendants in the summer and early fall of 2016, *id*. and at Docket Entry No. 92-2, and that Plaintiff served written discovery upon Rapid Response and received discovery responses from Rapid Response in June 2016. *See* Docket Entry Nos. 100 and 103-1. Furthermore, by Order entered August 9, 2016 (Docket Entry No. 56), the Court granted Plaintiff's request for the issuance of five subpoenas seeking call/telephone records and advised that he needed to provide the Clerk with the specific information to be entered on each subpoena. However, there is no indication that Plaintiff ever followed up on this directive and took steps to have the subpoenas issued.

This is not a case in which Defendants filed early and premature motions for summary judgment. To the contrary, this case has been in litigation for nearly three years. Plaintiff has known of his need to secure evidence to support his claims since filing his complaint and has had a full and fair opportunity to engage in discovery. A stay of discovery was not entered in the case. Nor did any order delay or prevent discovery during the pendency of any motions. Plaintiff has offered no explanation for why he failed to seek additional discovery from Rapid Response subsequent to his initial round of written discovery in June 2016. He has also offered no explanation for why, despite having served written discovery upon Rapid Response in June 2016, he let over a year pass until he sought written discovery from Safeguard or Homeland in August 2017. He has also not shown why he did not seek to have issued the subpoenas which the Court permitted.

Plaintiff has not shown that he has been diligent in pursuing discovery, which is the main inquiry in assessing a request for relief under Rule 56(d). *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). In the end, any lack of proof that now exists for Plaintiff's claims is a matter of his own doing. Given Plaintiff's admission that he lacks an evidentiary basis that is sufficient to support his claims and to rebut the motions for summary judgment, Defendants are entitled to summary judgment in their favor.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment of Rapid Response Monitoring Services, Inc. (Docket Entry No. 96) and the joint motion for summary judgment of Security Systems, Inc., d/b/a Safeguard America, Inc., and Homeland Security, LLC (Docket Entry No. 101) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

    Respectfully submitted,

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge